# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2010 | **DATE** | 11/25/2003 |
| **CASE TITLE** | DAVID VAN TOSH vs. ENCYCLOPEDIA BRITANNICA, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (14-1) to dismiss Counts I and II is granted. Enter memorandum opinion and order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 2 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 28 |
| | Mail AO 450 form. | | Docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

David Van Tosh,

    Plaintiff,

v.

Encyclopedia Britannica Inc.,
Encyclopedia Britannica Inc. Supplemental
Officers Retirement Plan,
Encyclopedia Britannica Inc. Officers and
Directors as Administrators of the
Supplemental Officers Retirement Plan,

    Defendants.

No. 03 C 2010
Judge James B. Zagel



DOCKETED
DEC 0 2 2003

## MEMORANDUM OPINION AND ORDER

On August 21, 2003, Plaintiff David Van Tosh filed an Amended Complaint against Defendants Encyclopedia Britannica, Inc., Supplemental Officers Retirement Plan, and Officers and Directors as Administrators of the Supplemental Officers Retirement Plan ("Encyclopedia Britannica") alleging that Encyclopedia Britannica violated § 502 and § 510 of the Employment Retirement Income Security Act of 1974 ("ERISA"). Van Tosh is a retired officer of Encyclopedia Britannica and a participant in its Supplemental Officer's Retirement Plan. For almost ten years after his retirement, Van Tosh received monthly retirement benefits in the amount of $2,514.57. But, on June 1, 2001, Encyclopedia Britannica stopped making these monthly payments claiming Van Tosh violated a non-compete clause in his retirement agreement. Thereafter, Van Tosh filed this lawsuit to recover his benefit rights.

Counts I and II of the Amended Complaint allege that Encyclopedia Britannica violated § 510 of ERISA, 29 U.S.C. §1140, when it allegedly retaliated against Van Tosh by threatening to

terminate Van Tosh's monthly benefit payments. Van Tosh claims that Encyclopedia Britannica began making partial payments after he filed this lawsuit but then threatened to terminate those partial payments if the lawsuit was not dropped. Encyclopedia Britannica now moves to dismiss Counts I and II of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

Encyclopedia Britannica argues that Van Tosh's § 510 claims (Counts I and II of the Amended Complaint) should be dismissed because, according to the established law in the Seventh Circuit, § 510 applies only to situations where there has been interference with an employment relationship. Encyclopedia Britannica claims that when Van Tosh retired he ended their employment relationship, and, thus, Encyclopedia Britannica could not have changed their employment relationship by terminating Van Tosh's monthly benefit payments some ten years later.

The Seventh Circuit has found that § 510's statutory purpose was "to protect the employment relationship against actions designed to interfere with, or discriminate against, the attainment of a pension right." *Deeming v. American Standard, Inc.*, 905 F.2d 1124, 1127 (7th Cir. 1990). In light of this statutory purpose, the Seventh Circuit held that "a fundamental

2

prerequisite to a § 510 action is an allegation that the employer-employee relationship...was changed in some discriminatory or wrongful way." *Id.*[1]

Van Tosh argues that he can demonstrate the required change of relationship by looking back in time. He claims that Encyclopedia Britannica retroactively changed its employment relationship with him by terminating his monthly retirement benefits, benefits which were earned during his employment (when an employee-employer relationship existed). However, I do not read the Seventh Circuit's opinions to extend to retroactive changes in an employment relationship. The fact remains that Van Tosh elected to retire from Encyclopedia Britannica almost ten years ago and, therefore, was not an employee of Encyclopedia Britannica when his monthly benefit payments were terminated. Van Tosh's status as a retired or former employee was not changed by Encyclopedia Britannica's decision to terminate his monthly benefit payments. Since Van Tosh has not alleged a change in his employment relationship that is concurrent with Encyclopedia Britannica's allegedly retaliatory actions, Counts I and II of the Amended Complaint are dismissed.

---

[1] See Also, *McGath v. Auto-body N. Shore*, 7 F.3d 665, 668-69 ("While there appear to be some courts that have interpreted § 510 to encompass discrimination in the plan itself rather than the employment relationship, our study of those cases has provided us with no basis to depart from the established precedent of this circuit."); *Estate of Cencula v. John Alden Life Ins. Co*, No. 98 C 0562, 1998 U.S. Dist. LEXIS 16140, at *9 (N.D. Ill. Oct. 6, 1998) (*"Deeming* requires, and *McGath* echoes, that a fundamental prerequisite to a Section 510 action is an allegation that the employer-employee relationship was changed in some discriminatory or wrongful way.")

Encyclopedia Britannica's Motion to Dismiss Counts I and II of the Amended Complaint is GRANTED.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: *11-25-2003*

4